ELIZA J. CHRISTY, Respondent, *v.* THE HOMŒOPATHIC MUTUAL LIFE INSURANCE COMPANY, Appellant.

Defendant issued to plaintiff a policy of insurance upon the life of her husband for the sum of $3,000; the annual premium was $389.16. The policy contained a clause declaring that after the payment of two annual premiums it should not be forfeited by reason of non-payment thereafter, and giving the assured the option to "receive a paid-up policy for the full amount of premium paid." · Plaintiff made ten annual payments, and then demanded a paid-up policy for the amount of premiums paid. In an action to compel a compliance with the demand, *held*, that as the policy contained no words of restriction, plaintiff's right was not limited to the amount of the original insurance, but he was entitled to a paid-up policy as covenanted.

(Argued June 26, 1883; decided October 2, 1883.)

APPEAL from judgment of the General Term of the Supreme Court, in the first judicial department, entered upon an order made October 28, 1881, which affirmed a judgment in favor of plaintiff, entered upon a decision of the court on trial at Special Term.

This action was brought to compel the defendant to issue to plaintiff a paid-up policy.

The facts, as found by the court, are substantially as follows: Defendant issued to plaintiff a policy of insurance upon the life of her husband, for her sole use, in the sum of $3,000, in consideration of the annual payment by the plaintiff of the sum of $389.16. The policy contained the following provision: "This policy of insurance, after two annual premiums have been paid thereon, shall not be forfeited or become void

by reason of the non-payment of premium, but the party insured * * * at his option may receive a paid-up policy for the full amount of premium paid ; provided, that unless this policy shall be surrendered, and such paid-up policy shall be applied for within ninety days after such non-payment of premium as aforesaid, then this policy shall be void and of no effect."

Plaintiff made ten annual payments, in accordance with the terms of said policy, making in all the amount of $3,891.60 of premium paid. Defendant paid to the plaintiff, as dividends upon said policy, the sum of $133.11. Plaintiff, within the time limited in said policy, notified defendant of her option to receive a paid-up policy, and of her willingness to surrender the first policy upon the receipt of such policy for the amount of premium paid, and demanded such paid-up policy, which the defendant refused to deliver.

Further facts appear in the opinion.

*William Henry Arnoux* for appellant. The terms and conditions under which a paid-up policy would be issued were conditions precedent, and must be strictly complied with to entitle a party to receive such paid-up policy. Notifying defendant of a willingness to surrender the first policy upon the receipt of a paid-up policy was not a valid surrender, nor a valid compliance with the conditions of the contract. (*Moses* v. *B'klyn L. Ins. Co.*, 50 Ga. 197 ; *Smith* v. *Cont. L. Ins. Co.*, 4 Big. Ins. R. 425 ; *Phœnix Mut. L. Ins. Co.* v. *Baker*, 85 Ill. 410 ; *American Ins. Co.* v. *Woodruff*, 34 Mich. 6 ; Bliss on Life Insurance [2d ed.], 297, 298 ; *Holterhoff* v. *Mut. Ben. Life*, 4 Big. L. & A. Ins. R. 394 ; *B'klyn B'k* v. *De-Grauw*, 23 Wend. 341 ; *Wood* v. *Hitchcock*, 20 id. 47.) By a just construction of the whole policy the sum of $3,000, for which insurance was given, was the limit of defendant's liability, and the court below erred in adjudging that the paid-up policy should be for $3,758.49, for the defendant's liability was only for the policy which plaintiff admits was tendered. (Report Massachusetts Insurance Commissioners in 1859, 14,

24, 25, 72–86; id. for 1862, 36; id. for 1861, 125; id. for 1863, 224; id. for 1867, 15, 17; Life' Ins. Rep. of 1861 of New York, 26; D. P. Fackler in his Life Table [1870], 29; Principles and Practice of Life Insurance [N Willey, 1876], 64; Gustavus Smith, in his notes on Life Insurance [1875], 139; *Cohen* v. *Mut. L. Ins. Co.*, 50 N. Y. 610.) This policy contract is a continuing one for life. (*Cohen* v. *Mut. L. Ins. Co.*, 50 N. Y. 610; *Manhattan L. Ins. Co.* v. *Warrick*, Supreme Court of Appeals, Va.) A policy contract cannot be enforced as understood by the common people, but rather according to the rules of law which govern other instru ments. (*Holterhoff* v. *Mut. Ben. L. Ins. Co.*, 4 Big. L. & A. Ins. R. 394; *Foot* v. *Ætna L. Ins. Co.*, 61 N. Y. 57.)

*Henry Heath* for respondent. The request for a paid-up policy and tender of surrender of the old policy made by the respondent were, under the circumstances a sufficient compliance with the provisions of the policy. (*Brink* v. *Hanover Ins. Co.*, 80 N. Y. 108; *Skinner* v. *Tinker*, 34 Barb. 333; *Crist* v. *Armour*, id. 378; *Crary* v. *Smith*, 2 N. Y. 60; *McDonald* v. *Kimball*, 3 Greene [Iowa], 335; *Washburn* v. *McAllister*, 14 Ind. 12; *Selleck* v. *Tallman*, 87 N. Y. 106; *Hills* v. *Alb. Exch. B'k*, 1 U. S. Sup. Ct. 245.) When the terms of a promise admit of more senses than one, the promise is to be performed in that sense in which the promisor apprehended at the time the promisee received it. (*White* v. *Hoyt*, 73 N. Y. 505; *Hoffman* v. *Ætna F. Ins. Co.*, 32 id. 405.)

FINCH, J. We do not see our way to the construction of this contract asserted by the insurer. That concedes the right of the insured upon failure to pay stipulated premiums after the first two have been paid, to demand a paid-up policy " for the full amount of premium paid," but interpolates, as an unexpressed restriction, that such amount shall in no event exceed the original insurance. No such words of restriction are contained in the policy. They are sought to be argued into it

from the general scope and character of the contract. It is not easy to determine what the insurer intended by the provision as it was framed. If it really meant what it says, and the company proposed to carry their risks and pay expenses out of interest only, returning always the whole premiums received, and often much larger amounts, it would doubtless be true, as the appellant contends, that the system if continued would "end the business of the defendant." Commissions, salaries, expenses, and death losses, with no fund behind them save the interest upon premiums, since the latter must be kept to be returned in full, would speedily exhaust the limited resource provided. But whether the option given was the result of accident, or lack of comprehension of sound principles of insurance, does not alter the fact of the contract, or the just construction of language which is definite and unambiguous. Difficult as it is to treat the insurer as consciously and intelligently making such a contract, the difficulty is sensibly increased by the interpretation now sought to be given to it. Neither party so understood it. The company did not, for the inevitable and apparent effect would be to make every policy become unfruitful, and payments of premiums stop, the moment such premiums paid equaled the amount insured, and those policies only would mature by the death of the insured while premiums were being paid, which involved a loss to the insurer in excess of the premiums received. The insured could not have so understood it, for he continued to pay premiums after the amount of the policy was reached, and is put in the absurd position of consciously paying an annual sum to secure payment at death, of the precise amount he is already entitled to receive in a paid-up policy without delay of a day or advance of a dollar. His payments thus continued become free gifts of so much money, for which he receives no return and not the least consideration. No such contract was in the contemplation of either party, and since we are satisfied of that, the sole alternative left is to construe the stipulation as it stands without interpolating a restriction not existing in the words of the contract, or the thought of the contractors. The con-

struction sought to be argued out is more difficult to believe within the contemplation of the parties than the one founded upon the language of the policy.

The objection that the old policy was not actually surrendered, was clearly waived if it had any force. The company tendered a paid-up policy, and the only dispute was as to its amount.

The judgment should be affirmed, with costs.

All concur, except ANDREWS, J., absent, and EARL, J., not voting, RAPALLO and DANFORTH, JJ., concurring in result.